I think we will go to our next case, which is United States v. Tso. Let's call 24-2081 United States v. Tso. Ms. Skinner. Good morning, Your Honors Counsel. My name is Amanda Skinner and I'm here on behalf of Mr. Tso. The question in this case is whether the government can use an expanded statute of limitations for cases involving the sexual abuse of a child to prosecute Mr. Tso for a violation of a non-age specific statute 24 years after the conduct. This question turns on whether a fact-specific or categorical approach is used to determine whether a case, quote, involves the sexual abuse of a child. The district court in this case determined that a fact-specific approach was supported by the text of the statute, the context, and the legislative history, and that there would be no practical difficulty or unfairness by using a fact-specific approach. But we disagree with these findings, and this is a case where, you know, typically I try to stay away from hypotheticals because the court can easily say, well, that was an interesting hypothetical that you presented us, but we need not address it today to rule against your client. This case is really different. If this court finds that a fact-specific approach is what is used, you are opening the floodgates for the government to charge any crime so long as somewhere in the factual allegation, whether it was an element of the offense or not, involved the sexual abuse, physical abuse, or kidnapping of a child. And none of those terms are defined. And that is where we get into a problem and why I'm going to engage in hypotheticals today. In our reply brief, we gave what I think is our best example of a Head Start teacher in Indian Country who is told that a child is abused. A child reports abuse to her. A child comes in with a broken arm. She takes the child to the school nurse, doesn't say anything. Police investigate. Tribal police investigate. Thirty years later, the U.S. Attorney's Office can come in, take a look at the police reports, and see that the child said, I told Ms. Henderson that my dad broke my arm, and she didn't do anything. Maybe Mrs. Henderson knew his dad. Maybe there was some reason why she didn't report. But so long as the government pursues an indictment and presents evidence at trial that this child was abused and the jury finds that the child in the case was actually abused, she would be on the list of defendants on the hook for up to six months in prison for the lifetime of that child under a fact-specific approach. And I think... But why can't we conclude that that's a good policy argument, but also that's exactly what Congress intended when it passed the statute? Because I think Congress's intent has been misread by the circuits that have addressed this. Originally, when I got this case, I was, you know, looking at the statutory language in the original act in the 90s, and then Adam Walsh. And it's clear, Congress's goal is to protect children from child sexual and physical abuse and kidnapping. But when you actually look at how much is contained in this congressional record and the history of it, we're not talking about only federal cases. I think sometimes in the federal system, we, you know, get blinders on and think that we're only talking about our own law. These laws clearly dealt with state crimes. In even the original act, there's a provision for funding for training of prosecutors in state cases so that the state can go after these. And typically, child sexual abuse cases are prosecuted by the state. I mean, but don't... It doesn't... Can't that play the other way, too, that Congress was seeing the terrible crimes that were occurring in the states, and so they said, well, if it's within federal jurisdiction, we're going to have this extended limitations period? Yes, and I think that your question is important because it turns on federal jurisdiction. These cases that Congress wanted to prosecute included all state crimes under the Assimilated Crimes Act for anyone on a military base and anyone in Indian country. Another example I'll give you is a... But that's federal... I mean, that's federal jurisdiction. And so my answer on that is to just address that Congress did intend this to apply to a lot of laws. Every single law that they would have jurisdiction over that would have an element, an easily identifiable crime against a child. And if you committed a DUI with your child in the car on a military base 40 years ago, if it's a fact-specific approach, you're on the hook for that prosecution. So I guess the nature of this argument is it's not like it appears that there were only a handful of federal laws aimed at children at this time. This was aiming much more broadly, scooping up all of the states' crimes against children that could be prosecuted by the federal government under the Assimilated Crimes Act or because it occurred on an Indian reservation. Yes, exactly, Your Honor. And I think that's reflected in Congress's use of the language. We want to cast a wide net. It's not an all-encompassing net. Courts are constantly confronted with uncomfortable situations like this one, where the facts are that Mr. Soe did sexually abuse a child under the age of 18. But the decision can't be made just on his facts to allow the government to pursue prosecution solely against Mr. Soe when doing so would create the sort of practical difficulties that we can avoid by using the categorical approach. And part of this turns on the government choosing the appropriate statute. This was a crime in Indian country, and they had numerous New Mexico state statutes that apply to sexually abusing a sleeping child under the age of 18. I believe that that is a third-degree felony under New Mexico Statute 30-9-10-A4, and the courts have found that the force of the event itself qualifies as force. The other thing I would point out, you know, when we're looking at what was Congress trying to do here, you know, there's going to be some misinterpretation or different interpretations, depending on the district court judge. And I think that the best example of those situations come from our circuit, Kepler and Majeed. First of all, this shows us that we have some very strong prosecutors and some very motivated prosecutors who are willing to push this issue. In Kepler, they charged a generic state assault offense where it happened that a 13-year-old was injured. And the government pushed for the district court to find that the injury the child sustained in that case was subject to the expanded statute of limitations. Now, the court used a fact-specific approach and found that the, quote, little nick that the child received did not amount to child abuse. But when I read cases, I like to just start right with the court's language. I don't look at summaries. And I was reading this case assuming the court was barreling towards a finding that that was child abuse. Because when you look at the Black's Law Dictionary definition of child abuse or just the general meaning of child abuse, I think half of this courtroom this morning would probably agree that injuring them with a ricochet bullet is abusive conduct. And some of the definition, if you look to 3509 definition, which we're not conceding that that's, you know, an accurate definition, that can include mental injury. So if we go fact-specific, we really are opening the floodgates. And Majeed takes it even further. Majeed is a case where defendants were charged with forced labor. And the court found that the child was charged with forced labor violations. Some of the victims were alleged to be children, but not all of them. And in Majeed, we have a district court judge who said, you know what, you're fine under the 10-year statute of limitations government. This was an ongoing offense. So we're not even going to get into whether the expanded statute is necessary. But the government pushed and said, we are going to introduce evidence at trial about these child victims. And we want to know the defendant's argument, if it comes up, on appeal. And so the defendants had requested dates of birth and nexus evidence about these, you know, children that were involved in the indictment. And the district court, in my view, got the first part right and said, okay, government, you need to provide dates of birth to the defendants, but you're not entitled to any nexus information. The government doesn't have to tell you whether one of your clients specifically abused child one. They don't even have to show you how that abuse was connected to the forced labor. This was a school situation. I think a defense attorney could make an argument that the abuse was separate from any forced labor that the child was forced to do. Maybe it was punishment for, you know, not paying attention in class or something along those lines. But these examples, you know, from our circuit, where this is an issue of first impression, really highlight for us the problems with giving the government the opportunity to have an expanded statute of limitations that would apply to literally any statute. Is your argument at bottom, is it one of statutory interpretation or is it really a due process or constitutional theory? I think it's statutory interpretation, if you agree with me that the context and the history and the text show that it's a constitutional statute, that Congress was not intending to capture people, you know, that didn't plead to a categorically child sex offense charge. But due processes is also implicated and, you know, Congress has the opportunity to come in and modify a statute if they don't like how the courts are interpreting this. But this is, you know, kind of bringing into focus our divided government and our three co-equal branches. Because if the attorney general under the executive branch has the opportunity to use this statute to go after an airman for a DUI 30 years ago on base, because the record shows his four-year-old was in the car, that's negligent child abuse in most states. And with no definition in the federal statute of what constitutes child physical abuse, sexual abuse or even kidnapping, we are in a situation where if you're a court judge, you're going to have wildly different outcomes. And I think that, of course, implicates due process. Counsel, do you acknowledge that if we agree with your argument, we're going to cause a circuit split? You know, I really, I tried to deal with Schneider and Weingartner and now Maxwell without necessarily having to say it's a circuit split, because those are cases where the defendant necessarily pled to an offense that requires the physical or the sexual abuse of a minor. I mean, I just don't think... But those cases, I mean, Weingartner and Schneider were transportation cases. So it seems to me they may have better arguments than you. Well, under the definition adopted by the court in Schneider, the court determined that sexual abuse includes persuasion, inducement, enticement or coercion to engage in conduct. So you don't even have to actually have followed through on the abuse. So, you know, it will create a circuit split if, you know, if you read Schneider and Weingartner as saying that you have to use a fact-specific approach. But I don't, you know, I'm not really concerned about a circuit split in this case, because I think that the fears that we lay out or the hypotheticals that we lay out are real. And they weren't addressed in Weingartner or Schneider. The defendants didn't make those, you know, didn't make those arguments. And Weingartner especially, we laid it out in our reply, the leader decision in Maxwell just is not sufficient to explain why that panel determined that in the 2255 context you lose because it's not, quote, obvious that the categorical approach applied. And now in direct appeal in Defendant Maxwell's case, we're going to rely on Weingartner. There's no analysis as to how they got there. They didn't delve deeper into the congressional, you know, intent or statutory interpretation principles. So to the extent that this creates a circuit split, I think this court is on good ground to say, we've seen where this is going just based on two district court cases, Majeed and Kepler. This cannot be the way that Congress intended for us to view this language. Counsel, can I ask you a quick procedural question? Your right to appeal in the plea agreement was to the decision of the district court's June 8th order. But that denied your motion to dismiss, a motion to strike regarding the superseding indictment. Your client then pled to an information, though. So even if we agree with you, the order that you're challenging deals with a different charging document. So how does it, how does it, your client get any relief when he pled to something different? Because the, and this may not be answering, I think I know what you're getting at, but, you know, we're not challenging the surplusage issue because we want to be logically consistent. If you, if this court rules that fact specific applies, then of course that had to be in the, in the language. He had to admit that as part of the plea. But if this court rules that the categorical approach applies, then it's, it's a remand for a dismissal because there's no statute of limitations regardless of the charging instrument. So it applies to the information, the count and the information equally to the superseding indictment. Yes, that's our argument. And if I could reserve the last 30 seconds. Thank you. Good morning, your honors. May it please the court. Meg Tomlinson on behalf, excuse me, on behalf of the United States. Tom So sexually abused his female relative Jane Doe when she was a minor. He approached her while she was sleeping, digitally penetrated her, and then followed her when she ran to the bathroom trying to escape from him. He committed this offense between 1998 and 2000. But like many minor victims of sexual abuse, Doe did not disclose the abuse right away and didn't report it to law enforcement until about two decades later. When she did, the case was investigated and So was charged with sexual abuse in Indian country, excuse me, in 2022. At the time So committed this offense, the statute of limitations for sex offenses against children lasted until the child turned 25. But in 2003, well before Jane Doe turned 25, Congress passed the Protect Act, which expanded the statute of limitations for sex offenses against children to the life of the child. The district court correctly applied a fact specific approach to determine that So's sexual abuse of Doe was covered by this expanded statute of limitations, and this court should affirm. So as my colleague noted, this case really turns on whether this court finds that Section 3283, which is the expanded statute of limitations in this case, whether its use of the phrase offense involving dictates application of the categorical approach. The Supreme Court in Nijhawan and other cases has been clear that the phrase offense has multiple plain meanings. It can refer to the generic sense to the specific elements of an offense, or it can refer more broadly to a defendant's conduct that makes him guilty for the offense with which he's charged. So the plain statutory language just of the expanded statute of limitations really doesn't answer the question as to whether a categorical approach applies in this case, or the factual, fact specific approach that the district court applied is more appropriate. And so to sort of back up a little bit on the language that is now codified at Section 3283 first appeared in the Victims of Child Abuse Act of 1990. Congress' stated purpose in passing that act was to improve the investigation and prosecution of child abuse offenses. So a very broad purpose, a very broad intent to improve issues that Congress noted with the prosecution of cases involving the child abuse offense. And it also noted in that statute as to the types of issues that it was concerned about. It noted the complexity of investigating and prosecuting these kinds of offenses. It noted issues in reporting these offenses that make the prosecution, especially the timely prosecution of these offenses, very difficult. And it stated that one of its goals was to improve the successful prosecution of these kinds of cases. So I think it's broad intent in expanding the scope of the statute and the scope of the statute. And the scope of the statute for these types of cases is very clearly reflected throughout the text of the statute that initially expanded this statute of limitations. Why isn't the categorical approach really a nice compromise between the ability of the government to pursue these types of crimes that Congress directed it to, and the rights of a defendant to not have to defend himself against the 30 or 40-year-old limitations? I think that what Congress was doing here is saying that because of the difficulties in reporting child abuse cases, because a child at the time might not know that what was happening to them was wrong, might not have the ability to or the words to describe what happened to them until years down the road, the fact that a defendant would have to answer for that kind of context decades down the road really is not, you know, Congress is absolutely within its right to make that determination. And I think that the text of the statute makes clear that that is the determination that Congress was making. And I think when you look at the context of when this expanded statute of limitations was passed, you know, nowhere in that statute did it say the age of the child or specific forms of abuse of a child. And that makes sense, because at the time there were only two federal sexual abuse statutes that contained elements relating to the victim's age. There was 2241C, which relates to the sexual abuse of a child under the age of 12, and there was 2243, which relates to the sexual abuse of a child between the ages of 12 and 15, where the offender is at least four years older. Well, what if you take into account what was just argued about the Assimilated Crimes Act, that in addition there were 50 states' worth of child abuse laws that were incorporated by this? So it was very, I mean, they were reaching much more than just two. I think two things. You know, first, Congress is, of course, not expanding statute of limitations for state crimes prosecuted in state court. It could only be doing that for these federal offenses. But even in the assimilated offense scenario, I think this is very clear that when there is a federal statute that could prosecute that same offense, you know, federal prosecutors are stuck with that federal statute. So we can't go and assimilate a state sexual abuse statute if there's a federal sexual abuse statute that's on point and that would cover that same conduct. So I really do think that we are stuck with looking at the federal offenses for the most part in this case. And also, in the assimilated offense context, that's really a pretty niche scenario. You know, here in the Tenth Circuit, we do have a lot of these cases because we have a lot of Indian country offenses, military bases, that kind of thing. But when you're looking at the broad United States, you know, the majority of the federal offenses that are being prosecuted are not assimilated state offenses. They're going to be federal offenses. In this case, that involves some sort of abuse of a child. Well, your argument about we're confined to only charge federal statutes when there are applicable federal statutes may be sound regarding sexual offenses. But I heard the argument made previously that talking really about physical child abuse offenses, which are primarily state based. And as you just acknowledged, whether it's an Indian country or military bases, these are pretty commonly charged. So would you agree that kind of negates your point about, you know, how confining state offenses may be if we were to say it's only federal law? I don't. If I'm understanding the question correctly, I do think it still stands that when we're talking about within the entire country of federal offenses that are being prosecuted, you know, it's limited jurisdictions in which we're assimilating child abuse offenses from state law. It's absolutely the case that in districts that have expanded territories where those types of assimilated offenses apply, certainly it might be more common that we would be assimilating state offenses and that perhaps we're not limited to just looking at the types of federal offenses that would apply to child abuse. But I don't know that it would be appropriate to suggest that that sort of expanded state assimilated offense world is exactly what Congress was looking at here. And, you know, my colleague mentioned the Majeed case. I think that's a good example of a case where an offense that has the elements that were being prosecuted have nothing, you know, on their face to do with child abuse. But certainly the conduct that was involved in that offense, I think it's beyond dispute involved child abuse. That was a case where the defendants were forcing children to engage in unpaid labor. Part of the mechanism for forcing that labor involved withholding food from the children, denying them medical treatment, and I think, you know, hitting them with a paddle if they were to break the rules of the organization they were being forced to work for. I think we would all agree that that is an offense that involves child abuse. And I think the district court in that case was absolutely right to find that the expanded statute of limitations would apply to a case like that. And I actually think the district court's opinion in that case sort of brings me to my next point, which is sort of the practical and fact-specific approach in this case. So the district court in this case and the other, the second and third circuits that have considered this question have found that the types of, you know, procedural or fairness considerations that lead courts to apply a categorical approach in other contexts don't apply here. So, you know, the categorical approach is really often limited to post-conviction contexts, whether we're talking about a prior conviction that is leading to an enhanced sentence down the road. Isn't it exclusively limited to post-conviction at this point? It is very nearly exclusively limited to that context. In United States v. Davis, or I think it's Davis v. United States, the Supreme Court case, they did apply it in the context of evaluating the residual clause of 924C to find that it was unconstitutionally vague. I think that is a very unique scenario because the court was relying heavily on the fact that the language it was evaluating in 924C is identical to language in the Armed Career Criminals Act where the court had already held that the categorical approach applied. So putting aside that minor exception, Judge, you're absolutely right that it has been exclusively held to apply in the post-conviction context. And the categorical approach makes a lot more sense in that context. There is an inherent difficulty in asking one court to determine a contested fact from a prior proceeding when the court doesn't have a complete evidentiary record. Perhaps that fact wasn't determined in that prior proceeding. And so there are not only logistical concerns, but also perhaps a Sixth Amendment concern for having a judge determine something that hadn't been previously determined by a jury. That concern really doesn't exist here. A fact-specific approach in this context would really just ask the fact-finder, whether it's the district court or a jury, to determine whether the defendant is alleged or had been proven to have engaged in abusive conduct against a minor. And making that determination involves consideration really just of the exact same evidence that's going to be necessary to prove those charges at trial and would bear on any other issue that might be litigated in the case before the district court prior to trial. So there's really no practical difficulty or unfairness. And to get back to my point about Majeed, there the district court made the determination that this expanded statute of limitations applied just looking at the facts that were alleged in the indictment. So that, you know, the applicability of this expanded statute of limitations is going to be clear on the face of the indictment or with, you know, very limited additional evidence that is evidence that is going to come out in the case otherwise. I think the fact that, as my colleague noted, the district court there agreed to require the United States to provide to defense the birth dates of the alleged victims also highlights the fact that this is really an easy determination that in many cases will turn on the otherwise pretty undisputed fact of how old the victim is alleged to be. The only, the other thing I did want to respond to is sort of this example about the, you know, delayed prosecution of a person who fails to report child abuse in Indian country or something like that. First of all, I think it's interesting in this context to suggest that the fact of specific approach is one that's going to lead to absurd results when I think if there's something to commend the categorical approach, it's probably not that it avoids absurd results. I think that has borne out in other cases. And here, with that case, you know, that offense in particular, it's not clear to me at all that it wouldn't apply for the, it wouldn't qualify for the expanded statute of limitations even under a categorical approach. That is an offense, excuse me, where the elements do involve child abuse. And so, you know, it's not clear to me at all that it would apply. So even assuming there was a case where the facts were egregious enough that 30 years down the road the United States decided to prosecute a misdemeanor with a maximum of six year or six months in prison, assuming there's a factual scenario where that would be the case, I think a categorical approach could just as easily say that this, that that offense does involve child abuse. And I think the more absurd result is looking at a case like this where the indictment specifically alleges that the defendant committed sexual abuse, that the victim in the case was under the age of 18. Those, just from the face of the indictment, it's clear that this is a case involving the sexual abuse of a child under the age of 18. And so, unless this court has additional questions, I would cede the remainder of my time. Thank you, counsel. Ms. Skinner, you have some rebuttal. Thank you. If the language restricted the government to only charging cases where the defendant perpetrated the abuse, this wouldn't be an issue. But that's not what the language says. It doesn't say abusive conduct against... If I could, could you add a minute, please? I was going to give you a break. Thank you. It does not say abusive conduct against a minor. If that were true, child pornography production cases would be included. It says cases involving child sexual abuse. And that's the problem. We don't have a definition of involving. We don't have a definition of child sexual abuse. So this really does open the floodgates for the government to save a shaky charging decision by relying on this expanded statute. And I think they've shown they're willing to do it in Kepler and Majeed. So we would ask the court to determine that the categorical approach is what's required by the plain language, the history, the context, and also fundamental fairness concerns under due process. Thank you. Well done. Right within the time.